UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK W. HART,<br><br>                        Plaintiff,<br><br>v.<br><br>AMERICAN WEST BANK,<br><br>                        Defendant. | Case No. 2:12-CV-00204-EJL-MHW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On August 23, 2102, United States Magistrate Judge Mikel H. Williams issued a Report and Recommendation in this matter. (Dkt. 13.)  Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. No objections were filed by the parties and the time for doing so has passed.  On October 2, 2012, this Court stayed the pending action due to Plaintiff's filing for bankruptcy protection. (Dkt. 14.)  The Court's Order was returned undeliverable the two times the Clerk of Court attempted to mail the Order to Plaintiff.  Plaintiff has not kept the Court informed of his current addressed.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

The Court takes judicial notice of Plaintiff's bankruptcy proceeding in the District of Idaho in case 12-210044-TLM which was filed on August 31, 2012.  The bankruptcy case was closed on July 10, 2013.  Plaintiff, as debtor, was granted a discharge of the debts listed for his creditors which included the Defendant in this action, America West Bank, in the amount of $93,769.10.  Plaintiff has failed to notify this Court his bankruptcy action is concluded and the automatic stay should be lifted.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

review not required for Article III purposes unless requested by the parties)
. . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to

the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R.

Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within

fourteen days of service of the Report and Recommendation). "When no timely objection

is filed, the Court need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation." Advisory Committee Notes to Fed. R.

Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th

Cir.1974)).

　　　　In this case, no objections were filed so the Court is not required to conduct a *de

novo* determination of the Report and Recommendation. The Court has, however,

reviewed the Report and Recommendation and the record in this matter and finds no clear

error on the face of the record. Moreover, the Court finds the Report and

Recommendation is well-founded in the law based on the facts of this particular case and

this Court is in agreement with the same.  Moreover, based on the discharge of Plaintiff's

debt owed to American West Bank, the Court assumes based on Plaintiff's lack of

prosecuting this action or keeping the Court informed of his current address, he no longer

wishes to pursue his claims.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 3**

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and

Recommendation (Dkt. 13) shall be **INCORPORATED** by reference and **ADOPTED** in

its entirety.

**IT IS THEREFORE ORDERED**:

1.    The stay in this matter is **LIFTED**.

2.    Plaintiff's claims having to do with unjust enrichment, the validity of his

liens, and claims arising under Section 1983 shall be **DISMISSED WITH**

**PREJUDICE**.

3.    Plaintiff's claims not addressed in the body of his complaint, namely,

claims for violations of the Fifth Amendment, the Seventh Amendment, the

Fourteenth Amendment, and for violation fo RESPA and HOEPA shall be

**DISMISSED WITHOUT PREJUDICE**.

4.    Plaintiff's Application for Leave to Proceed in Forma Pauper (Dkt. 1) shall

be **DENIED AS MOOT**.

5.       The Clerk of Court shall mail a copy of this Order to Plaintiff at his most

recent address listed in the bankruptcy case and the address the Bankruptcy

Court used for its orders:

> Mark Hart
> P.O. Box 251
> Clark Fork, ID 83811

DATED:  **August 5, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION - 5**